1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARCIA, | CASE NO. 1:11-cv-01612-AWI-SMS |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | |
| FRESNO COUNTY, | (Doc. 4) |
| Defendant. | |
| _____/ | |

### Screening Order

Plaintiff Stephen Garcia proceeds *pro se* and *in forma pauperis* in this action alleging false arrest.  After Plaintiff filed his complaint in the United States District Court for the Central District of California on September 15, 2011, this case was transferred to the Eastern District of California, in which venue for the case is proper.

## I.    Screening Requirement

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and must dismiss it at any time if it concludes that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

1

defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   Pleading Standards

Federal Rule of Civil Procedure 8(a) provides:

A pleading that states a claim for relief must contain:

(1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)   a short and plain statement of the claim showing the pleader is entitled to relief; and

(3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct."  F.R.Civ.P. 8(d).

 "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678-79.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

In lieu of a typical form of complaint, Plaintiff has filed a form provided by the Central District Court, including a two-page statement of facts. If Plaintiff chooses to amend the complaint, as he is permitted to do pursuant to this order, the Court encourages him to relate the facts of his story in chronological order. Plaintiff must also correlate his claims for relief with the factual basis underlying each one. To accomplish this objective, Plaintiff may find it helpful to reorganize his complaint to set forth each claim individually, followed by the relevant supporting allegations. Organizing the complaint in this way may also assist Plaintiff in identifying and removing irrelevant or unnecessary factual allegations and duplicative or unsupported causes of action. By so organizing his complaint, Plaintiff will enable the Court to evaluate his claims and the facts supporting each one.

Plaintiff is also reminded that the Court is not a repository for the parties' evidence. Originals or copies of evidence are properly submitted when the course of the litigation brings the evidence into question (as upon a summary judgment motion, at trial, or upon the Court's request). During the screening process, which Plaintiff's complaint is now undergoing, Plaintiff is required only to state a prima facie claim for relief. Submission of evidence is premature. Accordingly, a plaintiff is well advised to state fully the facts supporting her claims against the defendant(s) and to refrain from attaching exhibits.

When screening a plaintiff's complaint, the Court must assume the truth of the factual allegations. Submitting exhibits to support the complaint's allegations is generally unnecessary. When a plaintiff is compelled to submit exhibits with a complaint, such exhibits must be attached to the complaint and incorporated by reference. Fed. R. Civ. Proc. 10(c). Plaintiff is cautioned that, in determining whether a complaint states cognizable claims, the Court's duty is to evaluate the complaint's factual allegations, not to wade through exhibits.

///

///

1  **II.    Plaintiff's Complaint**

2      **A.    Factual Allegations**[1]

3      According to the facts alleged in the complaint, Plaintiff was arrested on December 12,

4  2008, for assault and battery and threatening the life of a police officer.  An unidentified police

5  officer ("Officer Doe")[2] contended that Plaintiff had threatened to take his gun and shoot him with

6  it.

7      On December 17 and December 23, 2008, "they tried to make" Plaintiff accept a plea

8  bargain providing for three years in prison and one strike.[3]  Plaintiff requested a speedy trial on

9  December 17, 2008.

10      On December 30, 2008, Fresno police officer Sylvia Martinez, who was Doe's partner,

11  testified that Plaintiff struck her face several times, causing swollen bumps.

12      On January 14, 2009, Plaintiff declined another plea deal.

13      On February 13, 2009, the Court assigned a new public defendant, David Munoz, to

14  represent Plaintiff.  Plaintiff later fired Munoz.

15      After speaking to a witness on February 19, 2009, the judge amended the felony charges

16  against Plaintiff to misdemeanors.  The judge believed the police were lying.

17      After Plaintiff's new attorney, Cojo Moore, requested copies of the booking pictures,

18  which showed no injuries to Officer Martinez but showed injuries to Plaintiff, the assault charges

19  ///

20

21  —————————————

22      [1] Plaintiff's factual allegations are imprecise and not in chronological order.  As a result, the Court is
uncertain whether it has understood Plaintiff's allegations as he intended to allege them.  To the extent that this
statement of facts misstates the facts of Plaintiff's case, Plaintiff should write the first amended complaint to

23  accurately reflect the facts that he intends to allege.

24      [2] Plaintiff should be able to identify the police officer in question by referring to the paperwork in the
underlying criminal case.

25
       [3] In his first amended complaint, Plaintiff must clarify this allegation by using more specific language.  The

26  Court is uncertain whether the pronoun "they" refers to Plaintiff's defense attorneys, the prosecutor(s), or some other
group of people.  Similarly, the Court is uncertain what Plaintiff intends to allege by saying that they tried to force

27  him to take the plea deal.
           The complaint includes the phrase "Judge: Pena, Rosendo."  The Court does not understand what this

28  phrase is intended to mean or whether it relates to the preceding or following sentence in the narrative.  This
ambiguity must be clarified in the first amended complaint.

against Plaintiff were dropped.  The charge of threatening Doe remained, although the charge had been reduced to a misdemeanor.  Doe never appeared in court.

Moore advised Plaintiff to plead *nolo contendre* and to file a subsequent suit.  Although Plaintiff agreed to this strategy, Moore never filed a subsequent lawsuit.  Moore first retained the booking pictures in his safe, but later returned them to the police department.

Although the charge had been reduced to a misdemeanor, the judge sentenced Plaintiff to two years felony probation.

### B.   Proper Defendant(s)?

Plaintiff's naming Fresno County as Defendant raises two questions.  First, the complaint includes no allegations of wrongdoing by Fresno County.  In the absence of any other allegations against it, Fresno County cannot be held liable for the police officers' alleged wrongdoing.  A local government unit may not be held responsible for its employee's acts under a *respondeat superior* theory of liability.  *Board of Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 121 (1992); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Webb v. Sloan*, 330 F.3d 1158, 1163-64 (9th Cir. 2003), *cert. denied sub nom Carson City, Nev. v. Webb*, 540 U.S. 1141 (2004); *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002), *cert. denied*, 537 U.S. 1106 (2003); *Hopper v. City of Pasco*, 241 F.3d 1067, 1082 (9th Cir.), *cert. denied*, 534 U.S. 951 (2001).

Second, the complaint appears to set forth allegations of wrongdoing by two individual police officers, although these individuals are not named as defendants.  Police officers in Fresno, California, work for the City of Fresno; law enforcement officers of the County of Fresno are sheriff's deputies.  Exactly whom Plaintiff intends to sue is unclear.

### C.   Sentencing Error

Plaintiff contends that the trial judge erred in sentencing him to felony probation after the charges had been reduced to misdemeanors.  A violation of state law, such as an error in sentencing, does not generally give rise to a constitutional claim.  *See, e.g., Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).  Correction of an error of the type Plaintiff alleges

would more properly have been brought as a motion for reconsideration asking the trial judge to correct the error or as an appeal to the California appellate courts.

Appellate jurisdiction of state court judgments rests in the United States Supreme Court, not in the federal district court. 28 U.S.C. § 1257. A federal district court lacks subject matter jurisdiction to hear an appeal of a state court judgment (the Rooker-Feldman Doctrine). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 896 (9th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004). A federal complaint must be dismissed for lack of subject matter jurisdiction if the claims raised in the complaint are inextricably intertwined with the state court's decisions so that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules. *Bianchi*, 334 F.3d at 898. Put another way, a claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it or if the relief requested in the federal action would effectively reverse the state court's decision or void its ruling. *Fontana Empire Center, LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002). The Rooker-Feldman Doctrine applies to federal "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

### D.   False Arrest

The complaint denominates Plaintiff's claim as one for false arrest. Under California law, false arrest is the unlawful violation of another individual's personal liberty. *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998). "The elements of false arrest . . . are (1) the non-consensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Tekle v. United States*, 511 F.3d 839, 851 (9th Cir. 2007). Officers are not liable for false arrest if they had reasonable cause to believe the arrest was lawful." *O'Toole v. Superior Court*, 140 Cal.App.4th 488, 510 (2006). An officer has reasonable cause to arrest when he or she knows facts that would cause a reasonable person to strongly

suspect the suspect's guilt. *Id.* at 511. California Penal Code § 847 provides that no cause of action for false arrest can arise against any peace office acting within the scope of his or her authority in making a lawful arrest.

The complaint does not allege a cognizable claim for false arrest. No arresting officer has been named as a defendant. Nor does the complaint allege the three elements of false arrest as set forth in *Tekle*. If Plaintiff intends to assert a claim of false arrest, he must name one or more appropriate defendants and set forth sufficient facts to establish the elements of false arrest.

**E.    Excessive Force**

Finally Plaintiff indicates that he intends to allege a claim for damages for the use of excessive force during Plaintiff's arrest. Plaintiff does not name either arresting officer as a defendant, however.

Under the Fourth Amendment, made applicable to the states by the Fourteenth Amendment, people are to be secure against unreasonable searches and seizures. *Maryland v. Pringle*, 540 U.S. 366, 369 (2003); *Mapp v. Ohio*, 367 U.S. 643 (1961). An officer may arrest a person without a warrant only if there is probable cause to believe that the person has committed or is committing an offense. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). Each case is determined on its specific facts and circumstances. *Ornelas v. United States*, 517 U.S. 690, 695-96 (1996). Those facts and circumstances will determine the Fourth Amendment's reach in a particular case. *Terry v. Ohio*, 392 U.S. 1, 29 (1968).

A seizure occurs when the government ends a person's freedom of movement by intentionally applied means. *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989). A claim of excessive force in the course of a seizure is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. *Id.*; *Graham v. Connor*, 490 U.S. 386, 388 (1989). Accordingly, to evaluate a Fourth Amendment claim, this Court must consider whether each Defendant's actions were objectively reasonable in light of the facts of the arrest. *Scott*, 550 U.S. at 381. Accordingly, the Court must consider whether the officer's actions were objectively reasonable in light of the facts and circumstances of the arrest, without regard to their underlying intent or motivation. *Graham*, 490 U.S. at 387.

Reasonableness of the type of force used is evaluated from the perspective of an officer on the scene and must include an allowance for the fact that police officers are often forced to make a split-second determination of the necessary amount of force.  *Id.*

In his first amended complaint, Plaintiff has not alleged sufficient specific facts to allow the Court to understand the circumstance of the arrest and the specific facts relevant to assessing whether the police officers used excessive force.  If Plaintiff amends his complaint, as he is permitted to do by this order, he must name the officers as defendants and allege facts supporting his allegations that each Defendant acted unreasonably with regard to his use of force in the course of Plaintiff's arrest.

### F.   State Claims

Plaintiff's claims of false arrest and sentencing error are claims under California state law. Only excessive force is a federal constitutional claim.

Section 1983 does not provide a cause of action for violations of state law.  *See Weilburg v. Shapiro*, 488 F.3d 1202, 1207 (9th Cir. 2007)*; Galen*, 477 F.3d at 662; *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997); *Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *Draper v. Coombs*, 792 F.2d 915, 921 (9th Cir. 1986); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981).  Pursuant to 28 U.S.C. § 1367(a), however, in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997).  "The district court my decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367 (c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."  *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966).  In the event that the first amended complaint does not set forth a

1  cognizable claim for excessive force, this Court intends to exercise its discretion to decline

2  jurisdiction of Plaintiff's state claims.

3  **III.    Conclusion and Order**

4         Plaintiff's complaint fails to state a claim upon which relief may be granted.  The Court

5  will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies

6  identified by the Court in this order.  Plaintiff may not change the nature of this suit by adding

7  new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir.

8  2007).

9         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

10  each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal

11  rights.  *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).  Although accepted as true, the

12  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."

13  *Twombly*, 550 U.S. at 555 (*citations omitted*).  Plaintiff should focus on identifying his legal

14  claims and setting forth, as briefly but specifically as possible, the facts linking the Defendants he

15  names to each violation of his rights.

16         Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

17  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

18  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

19  pleading," Local Rule 15-220.  "All causes of action alleged in an original complaint which are

20  not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567; *accord Forsyth*, 114

21  F.3d at 1474.

22         Based on the foregoing, it is HEREBY ORDERED that:

23         1.     Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;

24         2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

25         3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

26                amended complaint curing the deficiencies identified by the Court in this order;

27                and

28  ///

9

1     4.     If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date

2            of service of this order, this action will be dismissed with prejudice for failure to

3            state a claim.

4

5   IT IS SO ORDERED.

6   Dated:   __May 2, 2012__            _____/s/ Sandra M. Snyder_____
                                        UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28