# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARCIA, | CASE NO. 1:11-cv-01612-AWI-SMS |
|         Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
|   v. | |
| FRESNO COUNTY, | |
|         Defendant. | (Doc. 7) |

**<u>Screening Order</u>**

Plaintiff Stephen Garcia proceeds *pro se* and *in forma pauperis* in this action alleging false arrest. On May 2, 2012, this Court completed its first screening, dismissed Plaintiff's initial complaint, and provided Plaintiff thirty days within which to amend his complaint. Plaintiff has submitted his first amended complaint, the allegations of which are sufficiently improved to enable the Court to more accurately evaluate his claims. Accordingly, this order provides further guidance to allow Plaintiff to submit a cognizable complaint.

**I.      Screening Requirement**

As stated in the first screening order, a federal court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). In cases in which a plaintiff is

proceeding *in forma pauperis*, the Court must screen the complaint and must dismiss it at any time if it concludes that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.      Pleading Standards

Plaintiff is reminded that his complaint must follow the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) provides:

> A pleading that states a claim for relief must contain:
>
> (1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2)   a short and plain statement of the claim showing the pleader is entitled to relief; and
>
> (3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting*

///

*Twombly*, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678-79.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (*citations omitted*).  A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Id.* at 555-56 (*internal quotation marks and citations omitted*).  To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

## II.     Plaintiff's Complaint

### A.     Factual Allegations

The complaint alleges the following facts:

On November 3, 2008, Plaintiff's jaw was broken in an assault.

On December 12, 2008, Fresno Police Officer Sylvia Martinez and her partner, John Doe, arrested Plaintiff for (1) assault and battery on a police officer, and (2) making threats against a police officer's life.  In the course of the arrest, Martinez and Doe assaulted Plaintiff, including "body slamming" him into a area of broken glass.  As evidenced by his booking pictures, Plaintiff's face was bruised and swollen.  His hands were also cut.

Doe's report indicated that Plaintiff took Doe's gun, pointed it at Doe's head, and threatened to kill Doe.  As a result, said the report, both officers wrestled Plaintiff to the ground to subdue him and recover Doe's gun.

Plaintiff entered pleas of not guilty to both charges.  Doe did not appear at Plaintiff's hearing.  Martinez testified that Plaintiff forcefully struck her face multiple times, causing bumps.  Plaintiff's attorney, Kojo H. Moore, presented Plaintiff's booking pictures, showing cuts and bruises on Plaintiff's swollen face, as well as pictures of Martinez that showed no injuries other than "a hickey on her neck."  Fresno County Superior Court Judge Rosenda Pena dismissed the assault and battery charge, but sentenced Plaintiff to probation for threatening peace officers.  The court's orders erroneously indicate, however, that Plaintiff pleaded guilty to both counts.

///

**B.    Parties**

Plaintiff clearly lists the four defendants in paragraphs 4-7. In his second amended complaint, Plaintiff should write a simple sentence about each defendant to identify him or her. For example:

    4.    Defendant Sylvia Martinez is a Fresno City Police Officer.

**C.    Brenda Lane**

Plaintiff names as a defendant court clerk Brenda Lane. Judges, prosecutors, witnesses, and officials performing quasi-judicial functions have absolute immunity. *Fry v. Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991). Because a clerk of court's duties are an integral part of the judicial process, they too have absolute immunity. *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987), *appeal dismissed, cert. denied*, 486 U.S. 1040 (1988). A district court may appropriately dismiss a § 1983 lawsuit against a court clerk for alleged omissions and errors in the course of his or her work. *Essell v. Carter*, 450 Fed.Appx. 691, 691 (9th Cir., September 29, 2011) (No. 10-55819). Plaintiff cannot bring suit against Ms. Lane.

**D.    Error in Minute Order**

Within his fact statement, Plaintiff alleges that some unidentified person tampered with the minute orders so that they erroneously reflected Plaintiff's having pleaded guilty to both counts, an impossibility in light of his sentence. The error in the order of judgment against Plaintiff is not a matter for the federal courts, but is properly presented as a petition to the state court for correction of sentence. Correction of a clerical error in a state court's order is purely a state court matter. Plaintiff may not bring a federal claim regarding the error in the minute order of his judgment of conviction.

**E.    Claim One: Tampering With Evidence**

Plaintiff contends that the Defendants violated California Penal Code § 141, which prohibits peace officers from tampering with evidence.

First, the Court believes that Plaintiff has mischaracterized "all defendants" being implicated in this claim since the context indicates clearly that the claim is intended to be brought

///

against the police officers. Second, Plaintiff does not allege any physical evidence that the defendants altered. These allegations do not constitute a cognizable claim.

Even if the allegations were sufficient to establish a claim of tampering with evidence, claims under Section 141 are not properly be brought as part of a Section 1983 claim in federal court. A violation of the California Penal Code must be prosecuted in California Superior Court.

### F.  Claim Four: Filing a False Police Report

California Evidence Code § 1045, on which Plaintiff bases this claim, does not create a cause of action against any peace officer. The statute addresses when an officer's report is admissible as evidence in a California court. A peace officer's filing of a false report is prohibited by California Penal Code § 118.1. As with evidence tampering (Claim One), violations of this statute must be prosecuted in state Superior Court, not in federal district court.

### G.  Claim Two: Excessive Force

Plaintiff claims that the police officers employed excessive force during Plaintiff's arrest.

Under the Fourth Amendment, made applicable to the states by the Fourteenth Amendment, people are to be secure against unreasonable searches and seizures. *Maryland v. Pringle*, 540 U.S. 366, 369 (2003); *Mapp v. Ohio*, 367 U.S. 643 (1961). An officer may arrest a person without a warrant only if there is probable cause to believe that the person has committed or is committing an offense. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). Each case is determined on its specific facts and circumstances. *Ornelas v. United States*, 517 U.S. 690, 695-96 (1996). Those facts and circumstances will determine the Fourth Amendment's reach in a particular case. *Terry v. Ohio*, 392 U.S. 1, 29 (1968).

A seizure occurs when the government ends a person's freedom of movement by intentionally applied means. *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989). A claim of excessive force in the course of a seizure is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. *Id.*; *Graham v. Connor*, 490 U.S. 386, 388 (1989). Accordingly, to evaluate a Fourth Amendment claim, a Court must consider whether each officer's actions were objectively reasonable in light of the facts and circumstances of the arrest, without regard to the underlying intent or motivation. *Graham*, 490

U.S. at 387. Reasonableness of the type of force used is evaluated from the perspective of an officer on the scene and must include an allowance for the fact that police officers are often forced to make a split-second determination of the necessary amount of force. *Id.*

Based on the allegations in the statement of facts, the Court interprets the complaint as intended to allege that Officers Martinez and Doe used excessive force in arresting Plaintiff, then lied that he had attacked them, seized Doe's gun, and threatened Doe. The claim does not say that, but includes only two citations to court cases. Such citations are not needed in the complaint. They may be used later when Plaintiff argues his case. Instead, this subsection should include numbered statements setting forth facts supporting the contention that the force that Martinez and Doe used in effecting their arrest of Plaintiff was not reasonable.

### H.     Claim Three: Denial of Medical Treatment

Plaintiff contends that Fresno County Sheriff Margaret Mims was deliberately indifferent to his medical needs in that she failed to treat his broken jaw within a reasonable time. Other than alleging that he suffered a broken jaw in an assault some weeks prior to his arrest, Plaintiff fails to set forth any facts whatsoever supporting this claim.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), *quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096, *quoting McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (*internal quotations omitted*).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.*

6

(*internal quotations omitted*).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  *McGuckin,* 974 F.2d at 1060, *citing Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  In his second amended complaint, Plaintiff must allege facts sufficient to support each element of a claim of deliberate indifference to medical need.

Because Plaintiff names only Fresno County Sheriff Margaret Mims as liable under this claim, Plaintiff is advised that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*.  *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).  For defendants in supervisory positions, a plaintiff must specifically allege a causal link between each defendant and his claimed constitutional violation.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim for relief under § 1983 for supervisory liability, Plaintiff must allege facts indicating that Sheriff Mims either personally participated in the alleged deprivation of the plaintiff's constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a deprivation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); *Taylor*, 880 F.2d at 1045.

### III.   Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted.  Nonetheless, following its review of Plaintiff's amended complaint, the Court concludes that Plaintiff may be able to allege facts sufficient to support claims for excessive force in the course of his arrest and deliberate indifference to medical need.  Because the amended complaint does not allege sufficient facts, the Court will grant Plaintiff one additional opportunity to allege facts in support of these two claims.

Plaintiff's claims of errors in the minute order (or judgment of conviction), evidence tampering, and falsification of a police report are not within the jurisdiction of the federal district

court.  Since these claims may not proceed in this action, Plaintiff should remove references to those claims in his second amended complaint.

Plaintiff may not add any new, unrelated claims in his second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*).  Plaintiff should focus on identifying his legal claims and setting forth, as briefly but specifically as possible, the facts linking the Defendants he names to each violation of his rights.  Plaintiff should omit legal argument, statements expressing legal conclusions, and citations to earlier cases.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  "All causes of action alleged in a prior complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court with regard to only his claims of excessive force incident to arrest and deliberate indifference to medical need; and

///
///
///

4. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated:   May 30, 2012                             /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE