# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARCIA,<br><br>             Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY,<br><br>             Defendant.<br>_____/ | CASE NO. 1:11-cv-01612-AWI-SMS<br><br>ORDER PERMITTING PLAINTIFF TO AMEND HIS COMPLAINT OR TO PROCEED ONLY WITH COGNIZABLE CLAIM OF EXCESSIVE FORCE<br><br>(Doc. 11) |

Proceeding *pro se* and *in forma pauperis* in this complaint alleging claims under the Civil Rights Act (42 U.S.C. § 1983), Plaintiff contends that he was subjected to excessive force incident to his arrest and denied appropriate medical treatment while confined in the Fresno County jail. He filed his second amended complaint on June 25, 2012.  Following its review of the complaint, the Court concludes that Plaintiff states a cognizable claim for excessive force in violation of the Fourth Amendment, but that his claim for denial of medical treatment is not cognizable. Accordingly, this order provides that Plaintiff may again attempt to amend his complaint to state a cognizable claim for denial of medical care or may elect to proceed only on his excessive force claim.

I. **Screening Requirement**

As stated in the prior screening orders, a federal court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the

1

parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  In cases in which a plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and must dismiss it at any time if it concludes that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  Pleading Standards

Plaintiff is reminded that his complaint must follow the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) provides:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Each allegation must be simple, concise, and direct." F.R.Civ.P. 8(d).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter

accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678-79.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

## II.     Plaintiff's Complaint

### A.     Factual Allegations

The complaint alleges the following facts:

On November 3, 2008, Plaintiff's jaw was broken in an unrelated assault.

On December 12, 2008, Fresno Police Officer Sylvia Martinez and her partner, John Doe, arrested Plaintiff for (1) assault and battery on a police officer, and (2) making threats against a police officer's life. In the course of the arrest, Martinez and Doe assaulted Plaintiff, including "body slamming" him into a area of broken glass. As evidenced by his booking pictures, Plaintiff's face was bruised and swollen. His hands were also cut.

Doe's report alleged that Plaintiff took Doe's gun, pointed it at Doe's head, and threatened to kill Doe. As a result, said the report, both officers wrestled Plaintiff to the ground to subdue him and recover Doe's gun.

While incarcerated in the Fresno County Jail while awaiting trial, sheriff's officers assigned Plaintiff, who is not a gang member, to share a cell with various gang members. Plaintiff's cell mates repeatedly assaulted him. Plaintiff was in constant pain but provided only with aspirin for pain relief. After a month and a half, Plaintiff was taken for examination by a physician at a hospital outside the prison. Even after Plaintiff saw the physician, he was not provided with proper medications.

///

1  Plaintiff entered pleas of not guilty to both charges. Doe did not appear at Plaintiff's
2  hearing. Martinez testified that Plaintiff forcefully struck her face multiple times, causing bumps.
3  Plaintiff's attorney, Kojo H. Moore, presented Plaintiff's booking pictures, showing cuts and
4  bruises on Plaintiff's swollen face, as well as pictures of Martinez that showed no injuries other
5  than "a hickey on her neck." Fresno County Superior Court Judge Rosenda Pena dismissed the
6  assault and battery charge, but sentenced Plaintiff to probation for threatening peace officers.

### G.    Claim One: Excessive Force

Plaintiff claims that Martinez and Doe employed excessive force during Plaintiff's arrest.

Under the Fourth Amendment, made applicable to the states by the Fourteenth Amendment, people are to be secure against unreasonable searches and seizures. *Maryland v. Pringle*, 540 U.S. 366, 369 (2003); *Mapp v. Ohio*, 367 U.S. 643 (1961). An officer may arrest a person without a warrant only if there is probable cause to believe that the person has committed or is committing an offense. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). Each case is determined on its specific facts and circumstances. *Ornelas v. United States*, 517 U.S. 690, 695-96 (1996). Those facts and circumstances will determine the Fourth Amendment's reach in a particular case. *Terry v. Ohio*, 392 U.S. 1, 29 (1968).

A seizure occurs when the government ends a person's freedom of movement by intentionally applied means. *Scott v. Harris*, 550 U.S. 372, 381 (2007); *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989). A claim of excessive force in the course of a seizure is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. *Id.*; *Graham v. Connor*, 490 U.S. 386, 388 (1989). Accordingly, to evaluate a Fourth Amendment claim, a Court must consider whether each officer's actions were objectively reasonable in light of the facts and circumstances of the arrest, without regard to the underlying intent or motivation. *Graham*, 490 U.S. at 387. Reasonableness of the type of force used is evaluated from the perspective of an officer on the scene and must include an allowance for the fact that police officers are often forced to make a split-second determination of the necessary amount of force. *Id.*

Based on the allegations in the statement of facts, the Court interprets the complaint as intended to allege that Officers Martinez and Doe used excessive force in arresting Plaintiff, then

lied that he had attacked them, seized Doe's gun, and threatened Doe.  Although the complaint alleges only the minimum facts necessary to state a cognizable claim of excessive force and includes substantial extraneous matter, the Court concludes that Plaintiff states a cognizable claim of excessive force.

        **H.**        **Claim Two: Denial of Medical Treatment**

Plaintiff contends that Fresno County Sheriff Margaret Mims was deliberately indifferent to his medical needs in that sheriff's deputies provided multiple unsafe cell assignments, only gave Plaintiff aspirin for the pain of his broken jaw, and did not arrange for medical attention for a month and a half after Plaintiff's arrest.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), *quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  *Jett*, 439 F.3d at 1096, *quoting McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (*internal quotations omitted*).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  *Id*.  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (*internal quotations omitted*).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  *McGuckin*, 974 F.2d at 1060, *citing Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  Plaintiff does not allege further medical harm resulting from delay in treatment.

///

Because Plaintiff names only Fresno County Sheriff Margaret Mims as liable under this claim, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior*. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). For defendants in supervisory positions, a plaintiff must specifically allege a causal link between each defendant and his claimed constitutional violation. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under § 1983 for supervisory liability, Plaintiff needed to allege facts indicating that Sheriff Mims either personally participated in the alleged deprivation of the plaintiff's constitutional rights, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient that the policy 'itself is a deprivation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); *Taylor*, 880 F.2d at 1045. Although Plaintiff was previously advised of the necessity to supplement his factual allegations against Defendant Mims, he has failed to do so.

Plaintiff has failed to allege a cognizable claim for deliberate indifference to his medical needs.

**III.    Conclusion and Order**

Plaintiff's complaint states a claim under the Fourth Amendment against Defendants Martinez and Doe for use of excessive force, but fails to establish a cause of action against Defendant Mims for deliberate indifference to medical need. This Court will provide Plaintiff with one additional opportunity to file an amended complaint curing the deficiency identified in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on his claims against Martinez and Doe, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal from this action of Plaintiff's claim against Mims. The Court will then forward to Plaintiff two summonses and two USM-285 forms for

///

completion and return. Upon receipt of the completed forms, the Court will direct the United States Marshal to initiate service of process on Martinez and Doe.

If Plaintiff elects to file an amended complaint, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint fails to state a cause of action against Defendant Mims;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Martinez and Doe on his Fourth Amendment claim of excessive force;
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a Court order.

IT IS SO ORDERED.

**Dated:   August 17, 2012**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE