IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARCIA, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SYLVIA MARTINEZ, JOHN DOE, SHERIFF MARGARET MIMS, and Does 1 through 10, inclusive,<br><br>　　　　Defendants. | 1:11-CV-01612 AWI SMS<br><br><br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br><br>(DOCS. 17, 18) |

## I. History[1]

Plaintiff Stephen Garcia ("Plaintiff") was arrested on November 3, 2008 by Defendant Sylvia Martinez ("Defendant") who is an officer with the Fresno Police Department. Plaintiff claims that during the arrest, Defendant assaulted Plaintiff by punching him in the face, and "body slamming" him into an area with broken glass. Booking pictures show Plaintiff with a bruised and swollen face and cut hands. Plaintiff was arrested for assault and battery on a police officer, and making threats against a police officer's life. On March 12, 2009, Plaintiff was

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

convicted of making criminal threats to a police officer, battery on a police officer, and resisting arrest.

Proceeding without legal representation, Plaintiff filed a claim in the United States District Court for the Central District of California on September 15, 2011. Plaintiff's claims in the Second Amended Complaint ("SAC"), filed on June 25, 2012, arise out of contact made during Plaintiff's arrest on November 3, 2008. Plaintiff's surviving cause of action from the SAC claims that he was subjected to excessive force and physical brutality by Defendant, which is a violation of Plaintiff's Fourth Amendment right against unreasonable search and seizure. U.S. Const. amend. IV. Plaintiff's claim arises under 42 U.S.C. §1983.

Defendant has filed a motion to dismiss pursuant to Fed. Rule Civ. Proc. 12(b)(6). Plaintiff has filed no response. The matter was taken under submission without oral argument.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the Plaintiff's "failure to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007), citations omitted. The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other

grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint.  "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted.  The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine, which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In other

words, leave to amend need not be granted when amendment would be futile. <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 898 (9th Cir. 2002).

### III. Discussion

Defendant moves for dismissal of Plaintiff's 42 U.S.C. §1983 claim for a violation of Plaintiff's civil rights on several grounds. Defendant argues the claim is barred by the doctrine of res judicata, the statute of limitations, Plaintiff's prior criminal convictions, Plaintiff's failure to comply with the California Governmental Claims Requirement, Plaintiff has not alleged a Constitutional or Due Process Violation, and Defendant has immunity from litigation of this suit. The case can be resolved on the merits of the Plaintiff's prior criminal convictions argument, and the statute of limitations argument.

### A. Past Criminal Convictions

Defendant argues that Plaintiff's §1983 claim for monetary damages is barred by <u>Heck v. Humphrey</u>, as granting monetary damages for excessive force would necessarily imply that Plaintiff's prior criminal conviction of resisting arrest should be overturned. <u>Heck</u> held that allowing claims for tort damages based on conduct that a plaintiff was previously convicted of would render those convictions invalid. <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994). Thus, in order to proceed with a claim for damages under §1983, the plaintiff must first show that the criminal conviction has been reversed on direct appeal, expunged, declared invalid by a state tribunal authorized to make that determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Id.</u> at 487.

In this case, Plaintiff has brought a §1983 claim for use of excessive force in his arrest. This claim arises out of conduct during Plaintiff's arrest on November 3, 2008. The court may take judicial notice of state court dockets. <u>Porter v. Ollison</u>, 620 F. 3d 952, 954-955 (9th Cir. 2010). The court takes judicial notice of the docket of the Superior Court of California and finds that Plaintiff was charged with a violation of California Penal Code §148 on December 12, 2008 as count four (Defendant's Request for Judicial Notice 3). The court also notices that the Plaintiff

plead "nolo contendere" to count four and the court entered judgment and sentenced upon the plea. (Defendant's Request for Judicial Notice 7). A plea of "nolo contendere" in a California criminal action has been held to have the same effect of a guilty plea or a jury verdict of guilty for the purposes of a Heck analysis. Nuno v. County of San Bernardino, 58 F. Supp. 2d 1127, 1135 (C.D. Cal. 1999). Section 148(a)(1) states:

> "Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician, as defined in Division 2.5 of the Health and Safety Code, in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding one thousand dollars, or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment."

The court in People v. Simmons held that the elements of a conviction under §148 include (1) that the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties. People v. Simmons, 42 Cal. App. 4th 1100, 1108-09 (1st Dist. 1996). In addition, Simmons states that the lawfulness of an arrest is an essential element of the conviction. Id. at 1110. A lawfulness analysis includes consideration of whether the officer was performing his or her duties at the time of the arrest. The court in People v. Olguin stated that an arrest made with excessive force is not within the performance of a police officer's duties and is therefore unlawful. People v. Olguin, 119 Cal. App. 3d 39, 44-45 (6th Dist. 2011).

The Plaintiff has not presented any evidence of his §148 conviction to be invalid or reversed, so Plaintiff cannot bring a §1983 claim for use of excessive force during his arrest. If the Defendant had used excessive force during Plaintiff's arrest, as Plaintiff is alleging in his §1983 claim, then Plaintiff's conviction of the crime of resisting arrest must be called into question. Without an overturned or invalid conviction, Plaintiff's §1983 claim must fail under the Heck standard. Based on the forgoing, Defendant's motion to dismiss is granted. However, even if Heck does not apply, Plaintiff faces a statute of limitations that bars his claim.

**B.  Statute of Limitations**

Assuming , arguendo, that Defendant's motion to dismiss will not be granted under <u>Heck</u>, Defendant argues that Plaintiff cannot bring a §1983 claim because the claim is barred by the California Civil Procedure Code §335.1 statute of limitations. To determine if the claim is barred by the statute of limitations, the Defendant must show which statute of limitation applies, when the cause of action accrued, and apply the statute of limitations to the date the cause accrued.

The court in <u>Wilson v. Garcia</u> stated that because 42 U.S.C. §1983 has no express statute of limitations, federal courts should use state statutes of limitation that govern personal injury claims. <u>Wilson v. Garcia</u>, 471 U.S. 261, 266-268 (1985). The Ninth Circuit has held that the state statute of limitations period of a §1983 action is governed by California's general personal injury statute. <u>McDougal v. City of Imperial</u>, 942 F. 2d 668, 672 (9th Cir. 1991).  Section 335.1 states that there is a two year statute of limitation for personal injury claims arising from a wrongful act or neglect. Cal. Civ. Proc. Code §335.1.

Plaintiff alleges his injury to have occurred on or around November 3, 2008. Plaintiff first filed a claim on September 15, 2011, almost three years after the cause of action accrued. Based on the forgoing, Plaintiff's §1983 claim is barred by California's two year statute of limitation and the motion to dismiss Plaintiff's claim is granted.

## IV. Order

Defendant's motion to dismiss for failure to state a claim is GRANTED. Plaintiff's complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated:   June 12, 2013                                              _____
                                                                                    SENIOR  DISTRICT  JUDGE